CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 3 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY L. DAVIS, | ) |
| | ) Civil Action No. 7:09CV00200 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disabled adult child benefits, and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 402(d) and 42 U.S.C. §§ 1381-1383(f), respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before this court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g). If the Commissioner's final decision is supported by substantial evidence, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Jeffrey L. Davis, was born on September 18, 1982. Mr. Davis completed his high school education.[1] Based on the testimony of the vocational expert, the Administrative Law

---

[1] Plaintiff participated in special education classes in reading and mathematics. (TR 599).

Judge found that Mr. Davis has no past relevant work. (TR 28). On June 21, 2005, plaintiff filed an application for supplemental security income benefits. On June 29, 2005, Mr. Davis filed an application for disabled adult child benefits. Earlier applications for social security benefits had proven unsuccessful. In filing the claims currently before the court, Mr. Davis alleged that he became disabled for all forms of substantial gainful employment on October 1, 2000, due to back problems, depression, leg muscle damage, and Bell's palsy. Plaintiff now maintains that he has remained disabled to the present time.[2] As to his claim for disabled adult child benefits, the record reveals that Mr. Davis reached the age of 22 on September 17, 2004. Accordingly, he is entitled to disabled adult child benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before September 17, 2004. See 42 U.S.C. § 402(d)(1)(B).

Mr. Davis' applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. The Law Judge conducted an administrative hearing on April 24, 2008. On July 25, 2008, the Law Judge issued separate opinions on each of plaintiff's claims for benefits. As to the claim for disabled adult child benefits, the Law Judge ruled that Mr. Davis was not disabled on or before September 17, 2004. The Law Judge held that, prior to attaining the age of 22, Mr. Davis suffered a severe impairment on the basis of a back disorder. Relying on testimony of a medical advisor, the Law Judge held that plaintiff retained sufficient functional capacity for a limited range of light work activity during that earlier period. The Law Judge assessed Mr. Davis' residual functional capacity as follows:

---

[2] Because the issue of plaintiff's entitlement to a period of disability was adjudicated in connection with his earlier applications for benefits, the doctrine of administrative res judicata bars establishment of disability onset prior to the date of the final decision on his most recent, prior application, in June of 2004. See 20 C.F.R. § 404.955.

2

> After careful consideration of the entire record, the undersigned finds that, prior to attaining age 22, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except for that which requires climbing, crawling, or operating automotive equipment; involves exposure to hazards or extreme cold; or does not afford opportunity to change postural position (between sitting and standing) at reasonable intervals. (TR 27).

Given such a residual functional capacity, and after considering plaintiff's age, education, and lack of any relevant work experience, as well as testimony of a vocational expert, the Law Judge determined that Mr. Davis retained the capacity to perform several specific light and sedentary work roles existing in significant number in the national economy at all relevant times on and before September 17, 2004. Accordingly, the Law Judge concluded that plaintiff was not disabled prior to his 22nd birthday, and that he is, therefore, not entitled to disabled adult child benefits. See, gen. 20 C.F.R. § 404.1520(g).

As to plaintiff's claim for supplemental security income benefits, the Law Judge concluded that Mr. Davis was entitled to a closed period of disability. Based on an MRI study in January of 2005, the Law Judge found that Mr. Davis had developed a much more severe back disorder. Relying on the testimony of the medical advisor, the Law Judge ruled that plaintiff's back disorder met § 1.04(A) of Appendix I to Subpart P of the Administrative Regulations Part 404 as of January 1, 2005, and that the listed impairment persisted for a period in excess of twelve months.[3] However, the Law Judge further concluded that, after recuperation from a surgical procedure, Mr. Davis regained the capacity to perform a limited range of sedentary exertion as of February 1, 2007. Given such a residual functional capacity, and after considering plaintiff's age, education, and lack of prior work experience, as well as testimony from the vocational expert, the Law Judge concluded that

---

[3] If a claimant suffers from a listed impairment of requisite duration, the claimant is considered to be disabled without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. § 416.920(d).

3

plaintiff's period of disability ended on January 31, 2007, and that he is no longer entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(g).

The Social Security Administration's Appeals Council adopted both of the Law Judge's opinions as the final decision of the commissioner. Having exhausted all available administrative remedies in connection with his most recent applications for disabled adult child benefits and supplemental security income benefits, Mr. Davis has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

The medical record reveals that Mr. Davis is markedly obese. While he has been treated for other problems, including emotional symptoms, the evidence establishes that plaintiff's only other significant condition consists of a back disorder. Plaintiff underwent a laminectomy at age 15. (TR 490). However, he continued to complain of lower back pain with radiation into his lower extremities. On March 26, 2004, Mr. Davis experienced a traumatic injury to his spine in an automobile accident. He was treated conservatively. On April 19, 2004, a lumbar MRI revealed a central disc herniation at L4-5 and spondylosis at L5-S1. A neurosurgeon, Dr. Zev Elias, opined that the MRI findings were unremarkable and did not demonstrate any surgically significant

abnormalities. Dr. Elias advised plaintiff to undergo physical therapy. Mr. Davis saw Dr. Chris Covington on several occasions during the fall of 2004. Based on plaintiff's complaints of continuing lower back and leg pain, Dr. Covington performed several trigger point injections.

Dr. Covington submitted a report on January 3, 2005 following an office visit with Mr. Davis. The report assessed plaintiff's status as follows:

> Continues to have LBP and RLE pain. Has new sore spot in low mid back. Last injection lasted about 1 day. Was making excellent progress over last several visits but is now regressing - pt reports no no [sic] injuries/activities. Reports doing HEP at least 4-6x/ day as before. Reviewed MRI L-spine (4/19/04). (TR 335).

Dr. Covington ordered a repeat MRI. The lumbar spine MRI on January 10, 2005 revealed a new disc herniation at L3-4 which exerted mild mass-effect on the thecal sac. Right lateral recess stenosis was also noted. Plaintiff's physicians proceeded with conservative treatment, including additional epidural steroid injections. However, Mr. Davis complained of recurrent pain within a few days after each of the injections. Following a repeat lumbar spine MRI on July 9, 2005, which revealed findings essentially the same as those of the January MRI, Dr. Elias performed right L3-4 diskectomy on August 11, 2005. Post-surgically, Mr. Davis developed a lumbar seroma. He underwent exploration of the lumbar wound on November 10, 2005 in which the seroma was drained.

Mr. Davis continued to complain of pain following the surgery. Dr. Elias could not explain the continuing pain based on any objective cause. The medical record reveals that Mr. Davis was treated for injuries suffered in a fall on January 24, 2007, and for injuries suffered in an automobile accident on April 22, 2007. The medical record confirms that plaintiff has continued to seek treatment for lower back pain with radiation into the lower extremities.

5

As previously noted, in adjudicating plaintiff's claims for benefits, the Administrative Law Judge relied heavily on testimony from a medical advisor. Dr. H. C. Alexander, III, an internist with a specialty in rheumatology, testified at the administrative hearing on April 24, 2008. The court believes that it is fair to observe that Dr. Alexander's testimony is somewhat difficult to follow. Nevertheless, it is clear that Dr. Alexander ultimately opined that plaintiff experienced a closed period of disability from January of 2005 and extending into 2007. (TR 616-17). As to the period prior to plaintiff's 22nd birthday, Dr. Alexander gave an assessment as to Mr. Davis' residual functional capacity which was adopted by the Administrative Law Judge in his opinion adjudicating plaintiff's application for disabled adult child benefits. (TR 612-13).

In appealing to this court, plaintiff has advanced several arguments in support of his contention that the Commissioner's final decision as to both applications for benefits is not supported by substantial evidence. Plaintiff maintains that the Administrative Law Judge erred in failing to give explicit consideration to the limitations associated with plaintiff's well documented obesity. Mr. Davis also asserts that the Law Judge failed to properly consider complaints of pain and subjective discomfort. Finally, at the time of oral argument in this case, plaintiff argued that the Law Judge erred in establishing a disability onset date which essentially corresponds to the date of the MRI report documenting the existence of the more severe herniation which eventually resulted in surgical intervention.

After a review of the record in this matter, and after consideration of the arguments of the parties, the court is constrained to conclude that the Commissioner's denial of plaintiff's claim for disabled adult child benefits is supported by substantial evidence. As for the Law Judge's finding that Mr. Davis became disabled only a few weeks after expiration of the period in which plaintiff

might establish disability onset for purposes of his application for disabled adult child benefits, it is true that it is generally inappropriate to establish disability onset through reference to the date of a report in which the disabling condition is first diagnosed or documented. See Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995). However, in the instant case, the Law Judge clearly relied on the testimony of the medical advisor in determining that Mr. Davis became disabled on January 1, 2005.[4] For his part, the medical advisor clearly relied on the reports generated during the fall of 2004 by plaintiff's treating physician, Dr. Covington, in determining that plaintiff's back impairment and related symptoms were not of disabling severity during the period immediately after his 22nd birthday. (TR 611). In a similar vein, while it is true that the Law Judge did not explicitly consider plaintiff's marked obesity in the adjudication of the disabled adult child benefits claim, the record reveals that the Law Judge again relied on the medical advisor's testimony in this respect, and that the medical advisor took plaintiff's obesity into account in assessing residual functional capacity during the period on and before September 17, 2004. (TR 612-13).

In short, the court believes that the medical advisor considered the contemporaneous medical reports, plaintiff's marked obesity, and clinical notations as to the absence of significant complaints in opining that Mr. Davis was not disabled for all forms of substantial gainful activity prior to attaining the age of 22. As noted above, and as cited by the medical advisor, Dr. Covington felt that Mr. Davis was doing well in the fall of 2004. Thus, the court finds substantial evidence to support the Law Judge's reliance on the medical advisor's testimony, and the Law Judge's determination that plaintiff was not disabled for purposes of his application for disabled adult child benefits.

---

[4] In Bailey v. Chater, supra, the United States Court of Appeals for the Fourth Circuit held that use of a medical advisor is generally appropriate for establishing disability onset in cases in which the evidence as to onset is ambiguous. 68 F.3d at 79.

Plaintiff's application for supplemental security income benefits presents a different question. As previously noted, again relying on the medical advisor's testimony, the Law Judge determined that Mr. Davis became disabled for all forms of substantial gainful employment as of January 1, 2005. Again citing the medical advisor's testimony, the Law Judge determined that Mr. Davis regained sufficient functional capacity for a limited range of sedentary exertion on January 31, 2007. As pointed out by plaintiff in his memorandum in support of his motion for summary judgment, and as was true in the opinion dealing with the application for disabled adult child benefits, the Law Judge made absolutely no reference to plaintiff's marked obesity in his opinion adjudicating the claim for supplemental security income benefits. While the Commissioner contends that the Law Judge properly relied on the medical advisor's testimony in this regard, a review of that testimony reveals that, unlike his assessment of plaintiff's residual functional capacity for the period in the fall of 2004, the medical advisor did not make explicit reference to plaintiff's obesity in determining residual functional capacity for the period beginning in January of 2007. Indeed, after reviewing the medical advisor's testimony, the court believes that the only reference made by the medical advisor to plaintiff's residual functional capacity during the later period was given during the following, cryptic exchange with the Law Judge:

> Q: All right. April of '05 he either meets, equals or, but if not, he certainly can't sustain an eight-hour day.
>
> A: Yes, sir.
>
> Q: All right. And that's true until he's released on January of '07?
>
> A: Yes, sir.
>
> Q: All right.
>
> A: Then all things being equal, it's the same RFC.

8

Q: RFB by '07, yeah. All right. Thank you.

(TR 621).

Social Security Ruling No. 02-01p (C.E. 2002) establishes that obesity can constitute a medically determinable impairment. Indeed, under the ruling, a claimant can be found disabled based on obesity alone. The ruling provides that the interplay of obesity must be considered at step five of the sequential disability analysis in determining a claimant's residual functional capacity, and in assessing whether there are alternate jobs which the claimant can perform that exist in significant number in the national economy.

Given the evidence in the instant case, there is no question but that the Law Judge erred in not finding that Mr. Davis suffers from a severe impairment on the basis of marked obesity. Given the Law Judge's clear reliance on the testimony of the medical advisor in the disabled adult child benefit case, and the medical advisor's consideration of the interplay of plaintiff's obesity in his assessment of residual functional capacity, the court has concluded that plaintiff was not prejudiced in the Commissioner's consideration of his claim under that benefit program. However, the court must conclude that it is unclear that such consideration was given to plaintiff's obesity in the context of his claim for supplemental security income benefits. Contrary to the Law Judge's implication in his question to the medical advisor, all things were not equal in plaintiff's medical picture after the second surgical procedure. By January of 2007, Mr. Davis had undergone two back surgeries, as well as the surgery for relief of the seroma. He continued to experience marked obesity. As found by the Law Judge, he no longer possessed the capacity to do light exertion on a sustained basis. The court agrees that the current record does not establish that all of these factors were considered by the medical advisor or the Law Judge in the determination of plaintiff's residual functional capacity. It follows that the Commissioner's final decision closing the period of plaintiff's disability for

purposes of his claim for supplemental security income benefits is not supported by substantial evidence. The court finds "good cause" for remand of that portion of plaintiff's case to the Commissioner for further consideration of plaintiff's claim for a continuing period of disability after January 31, 2007.

In summary, for the reasons stated, the court concludes that the Commissioner's denial of plaintiff's claim for disabled adult child benefits is supported by substantial evidence. Accordingly, the Commissioner's final decision denying entitlement under that benefit program shall be affirmed, and partial summary judgment shall be entered in favor of the Commissioner. As to plaintiff's claim for a continuing period of disability for purposes of his entitlement to supplemental security income benefits, the court concludes that the Commissioner's final decision is not supported by substantial evidence. The court finds "good cause" for remand of that portion of plaintiff's case to the Commissioner for further consideration. Upon remand, the Commissioner shall conduct a new administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER this 3rd day of February, 2010.

_____
United States District Judge